**Michael Porter, P.C.**, OSB No. 003560
mike.porter@millernash.com
**Naomi Levelle-Haslitt**, OSB No. 075857
naomi.levelle-haslitt@millernash.com
MILLER NASH LLP
3400 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, Oregon  97204-3699
Telephone:  (503) 224-5858
Facsimile:  (503) 224-0155

Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **PETER M. QUINT,**<br><br>Plaintiff,<br><br>v.<br><br>**UNIVERSITY OF OREGON; CYNTHIA ANDERSON; KATHY ROBERTS; AND, MICHAEL BULLIS,**<br><br>Defendants. | No. 11-6371-SI<br><br>**DEFENDANTS' ANSWER AND DEFENSES** |

For their response to plaintiff's complaint, defendants, University of Oregon, Cynthia Anderson, Kathy Roberts, and Michael Bullis, respond and state as follows:

**RESPONSE TO PLAINTIFF'S PRELIMINARY STATEMENT**

1.     Answering paragraph 1, defendants admit that plaintiff's complaint seeks damages, including attorney fees and costs, for alleged violations of plaintiff's constitutional and

Page 1 -  Defendants' Answer and Defenses

PDXDOCS:1956653.1

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204-3699

statutory rights under federal and state law, but deny that they violated any right of plaintiff or that he is entitled to any remedy.

## RESPONSE TO PLAINTIFF'S ALLEGATIONS CONCERNING JURISDICTION

2. Answering paragraph 2, defendants admit that plaintiff is asserting claims under 42 USC § 2000e-5(f)(3) and 42 USC § 12117(a), which are federal statutes that give rise to federal-question jurisdiction under 28 USC § 1331. Defendants deny that the court has jurisdiction over plaintiff's claims against defendant University of Oregon (the "University") because the University is immune under the Eleventh Amendment to the United States Constitution, and further deny that jurisdiction over the state claims against individual defendants Anderson, Roberts, and Bullis is proper because plaintiff did not submit a sufficient tort claims notice under the Oregon Tort Claims Act (the "OTCA") regarding any potential claims against individual defendants. Defendants further deny that jurisdiction is proper over the state claims because only the public entity is liable for the torts of its employees under the OTCA (ORS 30.265) and the University is immune from suit under the Eleventh Amendment to the United States Constitution.

3. Answering paragraph 3, defendants deny that the court has jurisdiction over the state-law statutory claims asserted against individual defendants Anderson, Roberts, and Bullis because under the OTCA, the only proper defendant would be the University, which is immune under the Eleventh Amendment to the United States Constitution.

4. Answering paragraph 4, defendants admit that venue is proper but deny any implication that plaintiff has a viable claim.

## RESPONSE TO PLAINTIFF'S ALLEGATION ABOUT THE PARTIES

5. Answering paragraph 5, defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny them.

6. Answering paragraph 6, defendants admit that plaintiff has hearing loss. Defendants lack knowledge or information sufficient to form a belief as to the truth of plaintiff's

Page 2 -   Defendants' Answer and Defenses

PDXDOCS:1956653.1

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204-3699

allegation that his hearing loss substantially limits his ability to perform several major life activities. Defendants deny the remaining allegations of paragraph 6.

7. Defendants admit the allegations of paragraph 7.

8. Answering paragraph 8, defendants admit that plaintiff was employed as an American Sign Language ("ASL") instructor in the Communication Disorders and Science Program in the University's Department of Special Education and Clinical Sciences in the College of Education.

9. Answering paragraph 9, defendants admit that defendants Anderson, Roberts, and Bullis supervised plaintiff while he was employed as an instructor at the University. Defendants further admit that defendant Bullis, in some circumstances, had authority to discipline and assign job duties to plaintiff and enforce the University's workplace rules addressing hostile work environment and retaliation. Defendants further admit that defendant Anderson had authority to assign job duties to plaintiff. Defendants deny the remaining allegations of paragraph 9.

## RESPONSE TO PLAINTIFF'S FACTUAL ALLEGATIONS

10. Defendants admit the allegations of paragraph 10.

11. Answering paragraph 11, defendants admit that in or around September 2009, plaintiff was employed by the University under a nine-month contract that expired by its terms at the end of the academic year in June 2010. Defendants further admit that during the term of that contract, plaintiff taught ASL classes. Defendants deny the remaining allegation of paragraph 11.

12. Answering paragraph 12, defendants admit that in or around September 2010, plaintiff was employed by the University under a nine-month contract that expired by its terms at the end of the academic year in June 2011. Defendants further admit that during the term of that contract, plaintiff taught 200-level ASL classes.

Page 3 -   Defendants' Answer and Defenses

PDXDOCS:1956653.1

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204-3699

13. Answering paragraph 13, defendants admit that plaintiff taught three sections of a 200-level ASL course during the Fall 2010 term. Defendants further admit that plaintiff asked students in his ASL classes to communicate using sign language while in class. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 13, and therefore deny them.

14. Answering paragraph 14, defendants admit that in or around December 2010, defendant Roberts and plaintiff engaged in discussions regarding classroom management issues that he was encountering in one of his ASL classes. Defendants deny the remaining allegations of paragraph 14.

15. Answering paragraph 15, defendants admit that plaintiff taught three sections of a 200-level ASL course during the Winter 2011 term. Defendants lack knowledge or information sufficient to form a belief as to the truth of plaintiff's allegations that a group of students talked and disrupted plaintiff's class at times they knew that plaintiff could not see them talk and that plaintiff's disability prevented him from being able to hear the alleged talking, and therefore deny them. Defendants deny the remaining allegations of paragraph 15.

16. Answering paragraph 16, defendants admit that during the Winter 2011 term, plaintiff contacted defendant Roberts and they continued to engage in discussions about classroom management difficulties that plaintiff was encountering in one of the classes he taught. Defendants further admit that plaintiff e-mailed defendant Bullis about general classroom management issues that he was encountering during that term. Defendants deny the remaining allegations of paragraph 16.

17. Answering paragraph 17, defendants admit that students in one of plaintiff's ASL classes complained to another faculty member about plaintiff's teaching style and inappropriate comments in class, and perceived racial, ethnic, and sex harassment by plaintiff. Defendants further admit that plaintiff's students complained to defendant Roberts about plaintiff and that she met with plaintiff about his classroom management skills. Defendants deny that

Page 4 -    Defendants' Answer and Defenses

PDXDOCS:1956653.1

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204-3699

they considered the complaining students to be "campaign[ing] to terminate plaintiff's employment" because it appeared that the students were simply making good-faith complaints about their concerns. Defendants lack knowledge or information sufficient to form a belief as to the truth of plaintiff's remaining allegations of paragraph 17, and therefore deny them.

18. Answering paragraph 18, defendants admit that many of the same students that were enrolled in plaintiff's 200-level ASL classes during the Winter 2011 term continued to take 200-level ASL classes during the Spring 2011 term. Defendants further admit that during the Spring 2011 term, plaintiff discussed his ongoing classroom management problems with defendant Roberts and that she recommended videotaping his classroom teaching as a possible method to allow him to evaluate his teaching style and to encourage students to improve their behavior. Defendants lack knowledge or information sufficient to form a belief as to the truth of plaintiff's remaining allegations of paragraph 18, and therefore deny them.

19. Answering paragraph 19, defendants admit that plaintiff began videotaping his ASL class. Defendants lack knowledge or information sufficient to form a belief as to the truth of plaintiff's remaining allegations of paragraph 19, and therefore deny them.

20. Answering paragraph 20, defendants admit that plaintiff reported a classroom incident to defendant Roberts that occurred on or about April 18, 2011, in which a student in the class got upset with another group of students for talking during class, that his hearing aid was turned off so he did not hear the interactions between the students, and that he observed one of the students leaving the classroom, crying. Defendants lack knowledge or information sufficient to form a belief as to the truth of plaintiff's remaining allegations of paragraph 20, and therefore deny them.

21. Answering paragraph 21, defendants admit that plaintiff reported to defendant Roberts that he sent an e-mail to his ASL class stating the University's diversity policy. Defendants deny the remaining allegations of paragraph 21.

PDXDOCS:1956653.1

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204-3699

22. Answering paragraph 22, defendants lack knowledge or information sufficient to form a belief as to the truth of plaintiff's allegations, and therefore deny them.

23. Answering paragraph 23, defendants admit that during plaintiff's ASL class on May 4, plaintiff discussed his experiences communicating with local residents while living in Pakistan. Defendants further admit that plaintiff discussed effective communication while relating his experiences. Defendants deny that a central theme in the story was that if plaintiff did not respect the local customs and culture while in Pakistan, he would have been shot. Defendants lack knowledge or information sufficient to form a belief as to the truth of plaintiff's allegations that he told the story in hopes that the students would respect his teaching policies and stop engaging in disruptive and discriminatory conduct, and therefore deny them.

24. Answering paragraph 24, defendants admit that at some points during that same class, some students were talking out loud. Defendants lack knowledge or information sufficient to form a belief as to the truth of plaintiff's remaining allegations of paragraph 24, and therefore deny them.

25. Answering paragraph 25, defendants admit that during the May 4 class, plaintiff stated to the class that he could hear comments from the students and said, "You want me to take a gun out and shoot you in the head?" Defendants deny the remaining allegations of paragraph 25.

26. Answering paragraph 26, defendants admit that there was no formal hearing regarding plaintiff's employment with the University. Defendants deny that plaintiff was disciplined, that plaintiff was entitled to any formal hearing regarding his employment with the University, and any implication that plaintiff was entitled to an opportunity to be heard. Defendants further deny that plaintiff was not provided an opportunity to be heard. Defendants deny the remaining allegations of paragraph 26.

27. Answering paragraph 27, defendants admit that plaintiff sent the Oregon Department of Administrative Services a letter purporting to be a tort claims notice on July 1,

Page 6 -    Defendants' Answer and Defenses

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204-3699

2011. Defendants deny that the purported notice provided sufficient notice regarding some of plaintiff's claims.

        28.     Answering paragraph 28, defendants admit that plaintiff filed a complaint with the Oregon Bureau of Labor and Industries on August 12, 2011. Defendants lack knowledge or information sufficient to form a belief as to the truth of plaintiff's remaining allegations of paragraph 28, and therefore deny them.

### PLAINTIFF'S FIRST CLAIM FOR RELIEF

#### (Alleged Failure to Provide Reasonable Accommodation—
#### 42 USC § 12112 and 42 USC § 1981)

        29.     Answering paragraph 29, defendants incorporate their responses to paragraphs 1 through 28, above.

        30.     Defendants deny the allegations of paragraph 30.

        31.     Defendants deny the allegations of paragraph 31.

        32.     Defendants deny the allegations of paragraph 32.

        33.     Defendants deny the allegations of paragraph 33.

        34.     Defendants deny the allegations of paragraph 34.

### PLAINTIFF'S SECOND CLAIM FOR RELIEF

#### (Alleged Hostile Work Environment—42 USC § 12112 and 42 USC § 1981)

        35.     Answering paragraph 35, defendants incorporate their responses to paragraphs 1 through 28, above.

        36.     Defendants deny the allegations of paragraph 36.

        37.     Defendants deny the allegations of paragraph 37.

        38.     Defendants deny the allegations of paragraph 38.

        39.     Defendants deny the allegations of paragraph 39.

        40.     Defendants deny the allegations of paragraph 40.

        41.     Defendants deny the allegations of paragraph 41.

PDXDOCS:1956653.1

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204-3699

42. Defendants deny the allegations of paragraph 42.

43. Defendants deny the allegations of paragraph 43.

### PLAINTIFF'S THIRD CLAIM FOR RELIEF

### (Alleged Violation of Right to Free Speech—42 USC § 1983)

44. Answering paragraph 44, defendants incorporate their responses to paragraphs 1 through 28, above.

45. Defendants deny the allegations of paragraph 45.

46. Defendants deny the allegations of paragraph 46.

47. Defendants deny the allegations of paragraph 47.

48. Defendants deny the allegations of paragraph 48.

49. Defendants deny the allegations of paragraph 49.

50. Defendants deny the allegations of paragraph 50.

### PLAINTIFF'S FOURTH CLAIM FOR RELIEF

### (Alleged Violation of Due Process Rights—42 USC § 1983)

51. Answering paragraph 51, defendants incorporate their responses to paragraphs 1 through 28, above.

52. Defendants deny the allegations of paragraph 52.

53. Defendants deny the allegations of paragraph 53.

54. Defendants deny the allegations of paragraph 54.

55. Defendants deny the allegations of paragraph 55.

56. Defendants deny the allegations of paragraph 56.

### PLAINTIFF'S FIFTH CLAIM FOR RELIEF

### (Alleged Failure to Provide Reasonable Accommodation—ORS 659A.112)

57. Answering paragraph 57, defendants incorporate their responses to paragraphs 1 through 28, above.

58. Defendants deny the allegations of paragraph 58.

PDXDOCS:1956653.1

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204-3699

59. Defendants deny the allegations of paragraph 59.

60. Defendants deny the allegations of paragraph 60.

61. Defendants deny the allegations of paragraph 61.

## PLAINTIFF'S SIXTH CLAIM FOR RELIEF

### (Alleged Hostile Work Environment—ORS 659A.112)

62. Answering paragraph 62, defendants incorporate their responses to paragraphs 1 through 28, above.

63. Defendants deny the allegations of paragraph 63.

64. Defendants deny the allegations of paragraph 64.

65. Defendants deny the allegations of paragraph 65.

66. Defendants deny the allegations of paragraph 66.

67. Defendants deny the allegations of paragraph 67.

68. Defendants deny the allegations of paragraph 68.

## FIRST DEFENSE
### (Failure to State a Claim)

69. Plaintiff's complaint fails to state claims upon which relief can be granted.

## SECOND DEFENSE
### (Eleventh Amendment Immunity)

70. The University is not liable for damages in federal court because it has immunity under the Eleventh Amendment of the United States Constitution.

## THIRD DEFENSE
### (Qualified Immunity)

71. The individual defendants are entitled to qualified immunity because no individual defendant failed to act unreasonably in light of clearly established law.

## FOURTH DEFENSE
### (Tort Claim Notice)

72. No individual defendant is liable for any state-law claim brought by plaintiff because plaintiff failed to comply with the notice obligations under the OTCA.

Page 9 -   Defendants' Answer and Defenses

PDXDOCS:1956653.1

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204-3699

## FIFTH DEFENSE
### (Tort Claims Limits)

73. Without waiving any defenses or denials, if plaintiff were able to pursue a state law claim against any defendant, the statutory limitations of the OTCA would apply.

## SIXTH DEFENSE
### (OTCA Defense of Individual Defendants/Eleventh Amendment Immunity)

74. Under the OTCA, individual employees are not liable for their state-law tort claims; therefore, the individual defendants cannot be liable to plaintiff under the state-law claims he asserts. And plaintiff's claims against the University are barred by the Eleventh Amendment of the United States Constitution.

## SEVENTH DEFENSE
### (State-Law Claims Not Enforceable Under Section 1983 Claim)

75. To the extent that plaintiff's claims are premised on alleged violations of state law, those claims are not viable under Section 1983.

## EIGHTH DEFENSE
### (No Property Right)

76. Plaintiff did not have any property right that implicates constitutional due process.

## NINTH DEFENSE
### (Due Process)

77. Without waiving any defenses or denials, if one assumes that plaintiff had a property right, plaintiff was provided notice and an opportunity to be heard and provided due process sufficient to meet standards of constitutional due process.

## TENTH DEFENSE
### (Failure to Exhaust Administrative Remedies)

78. Without waiving any defenses or denials, plaintiff's due process and state-law claims fail because he failed to exhaust administrative remedies available to him through the University's grievance procedure.

PDXDOCS:1956653.1

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204-3699

### ELEVENTH DEFENSE
### (Legitimate Nondiscriminatory Reason)

79. The University's actions were based on legitimate legal reasons.

### TWELFTH DEFENSE
### (Not a Matter of Legitimate Public Concern)

80. Plaintiff's statement was made in the performance of his official duties, so his speech was not protected by the First Amendment because he was not speaking as a citizen about a matter of public concern.

### THIRTEENTH DEFENSE
### (Undue Disruption)

81. Without waiving any defenses or denials, even if plaintiff's speech were a matter of public concern, it is not entitled to protection under the First Amendment because it was unduly disruptive to the classroom environment or the University reasonably predicted undue disruption.

### FOURTEENTH DEFENSE
### (No Imputed Liability)

82. Without waiving any defenses or denials, the University took reasonable care to prevent any forms of unlawful conduct in the workplace, including without limitation harassment, discrimination, and retaliation, by having policies prohibiting and procedures for reporting such conduct, and plaintiff unreasonably failed to take advantage of the policies and procedures, and as a result the University is not liable for alleged discrimination.

### FIFTEENTH DEFENSE
### (Not Qualified Individual With a Disability)

83. Without waiving any defenses or denials, some accommodations requested by plaintiff were not reasonable, and if he was unable to fulfill the essential functions of his job without reasonable accommodation, he was not a qualified individual with a disability.

Page 11 -   Defendants' Answer and Defenses

PDXDOCS:1956653.1

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204-3699

## SIXTEENTH DEFENSE
### (Reasonable Accommodations Were Provided)

84. Without waiving any defenses or denials, to the extent that reasonable accommodations were requested or required, reasonable accommodations were provided by the University.

## SEVENTEENTH DEFENSE
### (Undue Hardship)

85. Without waiving any defenses or denials, to the extent that a reasonable accommodation was requested or required, the reasonable accommodation created an undue hardship on the University.

## EIGHTEENTH DEFENSE
### (Failure to Mitigate)

86. Without waiving any other defenses or denials, plaintiff has failed to take reasonable steps to mitigate or avoid damages.

WHEREFORE, defendants demand that the claims against them be dismissed with prejudice and that they be entitled to recover their attorney fees under ORS 659A.885 and ORS 20.107, costs and disbursements, and any other relief the court deems just and appropriate.

DATED this 13th day of February, 2012.

MILLER NASH LLP

/s/ Naomi Levelle-Haslitt
Michael Porter, P.C., OSB No. 003560
mike.porter@millernash.com
Naomi Levelle-Haslitt, OSB No. 075857
naomi.levelle-haslitt@millernash.com
Phone:  (503) 224-5858
Facsimile:  (503) 224-0155

Attorneys for Defendants

Page 12 -   Defendants' Answer and Defenses

PDXDOCS:1956653.1

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204-3699

I hereby certify that I served the foregoing defendants' answer and defenses on:

Mr. Lawrence B. Hunt
E-mail: lbh@huntpc.com
Mr. Kevin J. Tillson
E-mail: tillson@huntpc.com
Hunt & Associates, P.C.
101 S.W. Main Street, Suite 805
Portland, Oregon 97204
Fax: (503) 223-5442

*Attorneys for Plaintiff*

by the following indicated method or methods on the date set forth below:

☒ **CM/ECF system transmission.**

☐ **First-class mail, postage prepaid.**

☐ **Hand-delivery.**

☐ **Overnight courier, delivery prepaid.**

DATED this 13th day of February, 2012.

/s/ Naomi Levelle-Haslitt
Naomi Levelle-Haslitt, OSB No. 075857

*Of Attorneys for Defendants*

Page 1 -  Certificate of Service

PDXDOCS:1956653.1

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204-3699